UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFREY S. HEIRONIMUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00182-JMS-DLP |
| | ) | |
| RICHARD BROWN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Denying a Certificate of Appealability**

Petitioner Jeffrey S. Heironimus is serving an 18-month sentence for a state conviction[1] and a separate 18-year sentence for his 2012 Vanderburgh County, Indiana, conviction for robbery and his adjudication as a habitual offender. The sentences are consecutive. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Heironimus' petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Factual and Procedural Background

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On direct appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history:

> On May 26, 2011, Heironimus robbed the First Federal Savings Bank in Evansville wearing a dark-colored hooded sweatshirt and carrying a backpack. Heironimus insinuated that he had a gun by placing his hand in his backpack and took over $3900 in cash, which included $200 in recorded bait money. The bank's alarm

---

[1] Mr. Heironimus filed a separate petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 related to his other conviction in Case No. 2:17-cv-00140-WTL-MJD.

service immediately notified police. Witnesses Bradford Talley and James Hendrix saw a man with a dark hooded sweatshirt and a backpack leave the bank, walk quickly to an alley behind the bank, and get into a red pickup truck that had quickly pulled into the alley. The truck was described as a red Ford F-250 extended cab truck with damage on both sides. Tr. p. 56.

Fourteen minutes after receiving the alert from the bank, Evansville Police Department Sergeant Brian Hildebrandt saw a truck matching the given description parked across the street from 1000 North Third Avenue, which was one mile from the bank. The truck's headlights were on, the keys were in the ignition, and the exhaust pipe was still warm. Sergeant Hildebrandt called for a canine unit, and a police dog arrived that was certified and trained to detect ground disturbances and human odor. The dog sniffed the outside of the truck and followed the scent to the back door of 1000 North Third Avenue. Despite the officer's attempt to get the dog to move on, the dog returned to the back door of the house and would not leave. The officer and the dog stayed at the back door to ensure that no one could leave that way.

More officers arrived at the scene, and based on their belief that the robbery suspects were in the house and might be armed, they decided to secure and clear the house. Officers knocked on the front door and were let inside by a resident of the home, Billy Hack. The officers cleared the house, bringing the approximately seven occupants outside, but did not otherwise search the house. Heironimus and Vincent Driskell, the man who drove the truck away from the robbery, were two of the occupants brought outside. They were handcuffed and detained for show-up identifications.

Sergeant Hildebrandt brought Talley and Hendrix to the scene, and Talley identified Heironimus as the passenger of the red truck. Both Talley and Hendrix identified Driskell as the driver. The bank teller was also brought to the scene and saw that Heironimus matched the physical description of the robber; she later saw Heironimus's photograph on television and definitively recognized him as the robber.

Officers later obtained a search warrant for the house and found $1500 in cash in a room upstairs. The bait money was also surrendered to the police by Driskell's wife, Melissa Hall, the day after the robbery. Additionally, police searched the red truck, finding the registration indicating it belonged to Driskell. An officer with previous knowledge of the truck also confirmed that the truck was Driskell's.

The State charged Heironimus with Class C felony robbery with a habitual offender enhancement. Heironimus filed a motion to suppress the identification evidence, arguing that the identifications were the fruits of an illegal entry by police into the home. The trial court conducted a hearing, and the State argued that the house was not Heironimus's residence. The trial court denied the motion to suppress. A jury trial was held, and Heironimus was found guilty. Heironimus was sentenced to

eight years at the Department of Correction, with an additional ten years for the habitual-offender enhancement, for a total executed sentence of eighteen years.

*Heironimus v. State*, 2012 WL 5378139, *1-2 (Ind. Ct. App. Nov. 1, 2012) ("*Heironimus I*"); *see also* dkt. 10-7 at 2-4.

Mr. Heironimus appealed, arguing that the trial court erred by admitting the witness identifications of Talley and Hendrix that were the product of a warrantless, unconstitutional entry into what he characterized as his residence. *See* dkt. 10-5; *Heironimus I* at *2. The Indiana Court of Appeals affirmed his conviction. *Id.* at *3. Mr. Heironimus did not file a petition for transfer to the Indiana Supreme Court. *See* Dkt. 10-3.

On May 23, 2013, Mr. Heironimus filed a *pro se* petition for post-conviction relief. Mr. Heironimus later filed an amended petition, arguing that he received ineffective assistance when trial counsel failed to move for a directed verdict due to an alleged lack of evidence that he had threatened the use of force and when his appellate counsel failed to challenge the sufficiency of the evidence. On February 8, 2016, the post-conviction court entered its order denying relief. Mr. Heironimus appealed, raising the same grounds. On October 17, 2016, the Indiana Court of Appeals affirmed the state post-conviction court's denial of relief. *Heironimus v. State*, 2016 WL 6070339 (Ind. Ct. App. Oct. 17, 2016) ("*Heironimus II*"); *see also* dkt. 10-12. Mr. Heironimus sought review from the Indiana Supreme Court, but that court denied transfer on February 9, 2017.

On April 21, 2017, Mr. Heironimus filed this petition for a writ of habeas corpus.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Heironimus' petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); *see Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

3

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

Where a claim has been adjudicated on the merits in state court, habeas relief is available under the deferential AEDPA standard only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696 (7th Cir. 2003)). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable."

*Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

### III. Discussion

Mr. Heironimus raises four grounds in his petition, which are actually five grounds:

*Ground One*: prosecutorial misconduct in knowingly using false testimonial material from witness Bradford Talley, dkt. 2 at 3-4;

*Ground Two*: sufficiency of the evidence, dkt. 2 at 5, 7;

*Ground Three*: erroneous jury instructions, dkt. 2 at 5;

*Ground Four*: ineffective assistance of trial and appellate counsel for failing to call witnesses to establish Mr. Heironimus' standing in the residence of the search and seizure and failing to properly cross-examine and argue against the out-of-court identifications made by witnesses such as Bradford Talley and the bank teller Susan Gibbs, dkt. 2 at 4-5; and

*Ground Five*: trial court denied him his right to allocute and confront witnesses at trial and sentencing, dkt. 2 at 6.

Respondent argues that Mr. Heironimus' claims are procedurally defaulted, and to the extent any ineffective assistance of counsel claim is not procedurally defaulted, those claims were adjudicated by the Indiana Court of Appeals using a reasonable application of clearly established federal law. Dkt. 10.

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In

5

Indiana, that means presenting his arguments in a petition to transfer to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

Mr. Heironimus has never raised grounds one (prosecutorial misconduct), two (sufficiency of the evidence), three (erroneous jury instructions), or five (denial of right to allocute or confront witnesses) in any level in the state court system. Therefore, Mr. Heironimus has failed to exhaust his state court remedies as to those grounds. At this juncture, this failure constitutes a procedural default of these grounds.

As to ground four in this petition, Mr. Heironimus argues his trial and appellate counsel provided ineffective assistance for failing to call witnesses to establish Mr. Heironimus' standing in the residence of the search and seizure and failing to properly cross-examine and argue against the out-of-court identifications made by witnesses. Although Mr. Heironimus has previously raised claims of ineffective assistance of trial and appellate counsel in state court, the claims he presented in his post-conviction proceeding were that (1) he received ineffective assistance when his trial counsel failed to move for a directed verdict due to an alleged lack of evidence that he had threatened the use of force and when (2) his appellate counsel failed to challenge the sufficiency of the evidence on direct appeal. *See* dkt. 10-12; dkt. 10-13. Mr. Heironimus does not, however, raise these two claims of ineffective assistance of counsel in this petition. Rather, he raises other

claims, none of which have been presented in any level in the state court system. His claims of ineffective assistance of counsel here are therefore also procedurally defaulted.

"A procedural default can be overlooked when the petitioner demonstrates cause for the default and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears his claim." *Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008). To demonstrate cause, the petitioner "must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).)

In his reply, Mr Heironimus focuses on the merits of his claims and the alleged failures of his trial counsel. *See* dkt. 16. However, Mr. Heironimus does not address the procedural default issue or make the required showing. Accordingly, Mr. Heironimus is not entitled to habeas relief on any ground in his petition because none of them have ever been presented to the Indiana Court of Appeals and Indiana Supreme Court.

### IV. Conclusion

This Court has carefully reviewed the state record in light of Mr. Heironimus' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits.

Having applied the appropriate standard of review, and having considered the pleadings and the record, Mr. Heironimus' petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue.

7

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find this Court's "assessment of the constitutional claims debatable or wrong," or would not find it debatable "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY S. HEIRONIMUS
862187
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov